# UNITED STATES

## v.

## Dijuan SANTOS, Defendant.

## Criminal Action No. 98–10328–WGY.

United States District Court,
D. Massachusetts.

July 16, 2008.

---

William H. Connolly, Theodore B. Heinrich, George W. Vien, United States Attorney's Office, Thomas C. Frongillo, Weil, Gotshal & Manges LLP, Boston, MA, for Plaintiff.

---

### ORDER

YOUNG, District Judge.

In 2000, a jury convicted the defendant, Dijuan Santos ("Santos"), of three counts of possession with intent to distribute cocaine base. The Court sentenced Santos under the career offender provisions put forth in section 4B1.1 of the United States Sentencing Guidelines, which prescribed an offense level of 32 and a criminal history category of VI. The corresponding Guidelines range was 210 to 262 months imprisonment, and the Court ultimately sentenced Santos to 18 years imprisonment. Citing Amendment 706 to the Guidelines, which reduced by two the base offense level for most crimes involving cocaine base and has been designated as having retroactive effect by the United States Sentencing Commission, Santos now moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).

In *United States v. Conce*, 552 F.Supp.2d 95 (D.Mass.2008), the Court explained that district courts lack jurisdiction to entertain section 3582(c)(2) motions based on Amendment 706 brought by defendants sentenced as career offenders. *Id.* at 95–97. Santos suggests this decision is incorrect because section 3582(c)(2) authorizes the modification of a sentence when a defendant is sentenced "based on" a Guidelines range that is later reduced. *See* Mem. in Supp. [Doc. 456] at 5. Santos reasons the sentence he received as a career offender satisfies this criterion for two reasons. First, the Court, as the initial step in sentencing, determined the Guidelines range Santos would have been subject to had he not been a career offender given the base offense levels that are dependent on drug quantity provided in section 2D1.1 of the Guidelines. *Id.* at 5–7. Second, Santos asserts that the Court "considered the Drug Quantity Table and guideline level [provided therein] in assessing whether the Court should [have] depart[ed] downward to impose a sentence below the career offender level." *Id.* at 6.

Even accepting for the sake of argument the rather dubious reasoning advanced by Santos, the inquiry is not complete. Section 3582(c)(2) unequivocally states that district courts possess jurisdiction to modify a sentence "based on" an amended Guidelines range if, and only if, "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission, meanwhile, has clearly stated that a "reduction in the defendant's term of imprisonment is not consistent with [its] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if [a retroactive amendment to the Sentencing Guidelines] does not have the effect of lowering the *defendant's applicable guideline range.*" U.S.S.G. § 1B1.10(a)(2)(B) (effective March 3, 2008) (emphasis added).

Thus, it ultimately is irrelevant whether Santos's sentence can be said to have been "based on" a Guidelines range that was later reduced. Under the plain language of section 3582(c)(2) and the terms of the relevant Sentencing Commission policy statement, the Court is without jurisdic-

tion to modify Santos's sentence unless it is *also* true that Amendment 706 reduced the Guideline range that actually applies to Santos given his status as a career offender. This clearly is not the case. A defendant's offense level under the career offender provisions of section 4B1.1 is determined by reference to the crime's statutory maximum sentence—which Amendment 706 obviously did not address—*not* the base offense level for the crime prescribed elsewhere in the Guidelines. U.S.S.G. § 4B1.1(b).

Amendment 706 made no alteration to section 4B1.1, under which career offenders are subject, and it had no effect on the Guidelines range to which Santos would be subject as a career offender were he sentenced today. *See Conce*, 552 F.Supp.2d at 97 (detailing how Amendment 706 did not alter the Guidelines calculations for the defendant under the career offender provisions of section 4B1.1). This Court is thus without jurisdiction, pursuant to 18 U.S.C. § 3582(c)(2), to entertain the motion for a reduction of sentence [Docket Nos. 447 & 455], and it is therefore DENIED.

SO ORDERED.